**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Frances McGrath, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  10 C 3430 |
| Merchants Credit Guide Company, an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Frances McGrath, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Frances McGrath ("McGrath"), is a citizen of the State of Washington, from whom Defendant attempted to collect a delinquent consumer debt owed for a Swiss Colony account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Merchants Credit Guide Company, is an Illinois corporation ("Merchants") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Chicago, Illinois, Defendant Merchants operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Merchants was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. McGrath.

5. Defendant Merchants was licensed to conduct business in Illinois and maintained a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Merchants conducts business in Illinois.

6. Moreover, Defendant Merchants is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Merchants acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. McGrath is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Swiss Colony account. When Defendant Merchants began trying to collect this debt from Ms. McGrath, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Merchants' collection actions.

8. On October 27, 2009, one of Ms. McGrath's attorneys at LASPD informed Merchants, in writing, that Ms. McGrath was represented by counsel, and directed it to

cease contacting her, and to cease all further collection activities because Ms. McGrath was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant Merchants continued to call Ms. McGrath several times during December, 2009, from phone number 312-360-3000; and, during March, 2010 from phone numbers 312-572-6346 and 888-249-3812, in an attempt to collect the alleged Swiss Colony debt.

10. Accordingly, on April 6, 2010, Ms. McGrath's LASPD attorney had to send Defendant Merchants another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant Merchants' collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Merchants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. McGrath's agent, LASPD, told Defendant Merchants to cease communications and cease collections (Exhibit <u>C</u>).  By continuing to communicate regarding this debt and demanding payment, Defendant Merchants violated § 1692c(c) of the FDCPA.

16. Defendant Merchants' violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

19. Defendant Merchants knew that Ms. McGrath was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit <u>C</u>), that she was represented by counsel, and had directed Defendant Merchants to cease directly communicating with Ms. McGrath.  By directly calling Ms. McGrath several times, despite being advised that she was represented by counsel, Defendant Merchants violated § 1692c(a)(2) of the FDCPA.

20. Defendant Merchants' violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Frances McGrath, prays that this Court:

1. Find that Defendant Merchants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff McGrath, and against Defendant Merchants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Frances McGrath, demands trial by jury.

Frances McGrath,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: June 4, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com